

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Homer Garrison, Jr.
Director, Department of Public
    Safety
Camp Mabry
Austin, Texas

Attention: W. J. Elliott, Chief
State Highway Patrol

Dear Sir:

Opinion No. O-6509
Re: What is the proper method of
registering a combination vehicle
which aggregates a total weight of
68,000 pounds?

From your letter as supplemented by a personal interview of recent date, we take the following facts and questions:

"Operator has a truck-tractor, semi-trailer combination and has attached a trailer behind the semi-trailer. This makes the combination, used for hauling gasoline, exceed the forty-five (45) feet length limit. However, under the provisions of a statute, it appears that authority to receive a special permit for excessive size or weight may be given for a period of ninety (90) days, or less, by the State Highway Department.

"The truck-tractor and semi-trailer combination is registered for 38,000 pounds gross weight, and the trailer will weight 30,000 pounds loaded. Thus, the total cominations, if allowed, would operate a gross registration weight of 68,000 pounds.

"The question arises as to what registration would be proper to cover the above type of conveyance. As we understand the law, each trilar, or init of a combination must be registered separately, and it is also provided that no combination of vehicles shall exceed 38,000 pounds. Does the fact that a special permit has been granted for such combination require registration of the combination for the 68,000 pounds?"

We assume that you have reference to Acts 1929, 41st Legislature, Second Called Session, chapter 88, as amended, appearing as Article 6675a-2, Vernon's Annotated Civil Statutes, when you say that "as we understand the law, each trailer, or unit of a combination must be registered separately." That statement is true. Section 2 of Article 6675a, V.A.C.S., relating to registration of vehicles reads as follows:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof, . . . ."

Sec. 3 of Article 827, Vernon's Annotated Penal Code, originally passed in 1929 as Senate Bill No. 11, chapter 42, page 72, Acts of the Forty-first Legislature, Second Called Session, and amended in 1931, by H.B. No. 336, chapter 282, page 507, Acts of the Forty-second Legislature, Regular Session, reads as follows:

"Except as otherwise provided by law, no commercial motor vehicle, truck-tractor, trailer or semi-trailer, nor any combination of such vehicles, shall be operated over, on, or upon the public highways outside the limits of an incorporated city or town, the total gross weight of which exceeds that given by the following formula:

"W equals C times (L plus 40) where
"W equals total gross weight, including load and vehicle in pounds;
"C equals 700;
"L equals the distance between the first and last axles of a vehicle or combination of vehicles, in feet.

"Under the foregoing formula, the gross weight is ascertained by adding forty (40) to the distance in feet between the first and last axles of a vehicle or combination of vehicles and multiplying the sum by seven, the gross weight shall never exceed thirty-eight thousand (38,000) pounds.

"Provided, however, the gross weight permitted by the foregoing formula shall be subject to the following restrictions and limitations:

"No such vehicle or combination of vehicles shall have a greater weight than six hundred (600) pounds per inch width of tire upon any wheel concentrated upon the surface of the highway and using high pressure tires, and a greater weight than six hundred and fifty (650) pounds per inch width of tire upon any wheel concentrated upon the surface of the highway and using low-pressure tires, and no wheel shall carry a load in excess of eight thousand (8000) pounds on high-pressure tires, and nine thousand (9000) pounds on low-pressure tires, nor any axle a load in excess of sixteen thousand (16,000) pounds on hig-pressure tires, and eighteen thousand (18,000) pounds on low-pressure tires. An axle load shall be defined as the load on all wheels whose centers may be included between two parallel transverse vehicle plans forty (40) inches apart." (Underscoring ours)

Section 3c of Article 827, Vernon's Annotated Penal Code, relating to lengths of vehicles, provides as follows:

"No motor vehicle, commercial motor vehicle, truck, tractor, trailer, or semi-trailer shall exceed a length of thirty-five (35) feet, and no combination of such vehicles coupled together shall exceed a total length of forty-five (45) feet, unless such vehicle or combination of vehicles is operated exclusively within the limits of an incorporated city or town."

Thus it is seen, the combination of vehicles exceeds the weight and length limitations of Article 827, Sections 5 and 3c and may only operate legally, if entitled to, and has been granted a special permit from the Highway Department. To receive this permit the applicant must satisfy the requirements of Section 2, Article 827a, Vernon's Annotated Penal Code, as follows:

"It shall be unlawful and constitute a misdemeanor for any person to drive, operate, or move, or for the owner to cause or permit to be driven, operated, or moved on any highway, any vehicle or vehicles of a size or weight exceeding the limitations stated in this Act or any vehicle or vehicles which are not constituted or equipped as required in this Act; or to transport thereon any load or loads exceeding the dimensions or weight prescrived in this Act; provided the department, acting directly or through its agent or agents designated in each county shall have and is hereby granted authority to grant permits to periods of ninety (90) days or less for the transportation over State highways of such overweight or oversize or over length commodities as cannot be reasonably dismantled or for the operation over State highways of super-heavy or over length commodities as cannot be reasonably dismantled . . ." (Underscoring ours)

It is apparent that the gasoline transported is a commodity capable of being reasonably "dismantled" and the operator of an overweight, over-length combination of vehicles used for hauling gasoline does not qualify under the special permit statute. Therefore, since no special permit can validly issue on this combination of vehicles the operator is bound by Section 7a of Article 827a, Vernon's Annotated Penal Code, relating to trailers, as follows:

"No motor vehicle shall be driven upon any highway outside of the limits of an incorporated city or town drawing or hauling attached therto more than one trailer."

Thus, in conclusion, our answer to your inquiry is that every motor vehicle, including truck-tractors, and every trailer, semi-trailer, used upon the public highways of this State, should be registered separately under the terms of Article 6675a, Vernon's Annotated Civil Statutes, supra. As a consequence, the 68,000 pound combination vehicles in question, if legal, should be registered

separately. However, such combination cannot legally operate as one unit on the State Highways under existing statutes of this State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Benjamin Woodall

Benjamin Woodall
Assistant

By /s/ Bob D. Maddox

Bob D. Maddox

BDM/zd:egw

APPROVED APR 28, 1945
/s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
BY B W B
CHAIRMAN
